FRANK DIBENEDETTO, PLAINTIFF, v. ESTATE OF ANTOIN-
ETTE DIBENEDETTO, VERSATILE CONCRETE CORP.,
EDWARD J. GRAHAM AND WILLIAM BARGER, DEFENDANTS.

Superior Court of New Jersey
Law Division Burlington County

Decided November 12, 1985.

See also, 218 N.J.Super. 143.

*Carl L. Taraschi* for plaintiff (*Salvatore J. Avena* of counsel).

*R. Alan Aslaksen* for Commercial Union Insurance Co.

*F. Herbert Owens, III* for Ohio Casualty Co. (*Montano, Summers, Mullen, Manuel & Owens,* attorneys).

HAINES, A.J.S.C.

Plaintiff recovered a $400,000 judgment for damages suffered in an automobile accident. Defendants were insured by Commercial Union Insurance Company for $100,000. (An additional $100,000 of insurance coverage provided by Ohio Casualty Insurance Company is not addressed by this opinion.) Their motion for a stay of execution on the judgment was denied by this court on August 21, 1984. They were, however, over the objection of plaintiff, allowed to deposit the face amount of the Commercial Union policy, $100,000, plus postjudgment interest of $3,813.70, with the clerk of this court. The order said nothing about further interest on the judgment or the deposit. The Appellate Division thereafter granted a stay but conditioned its order on the furnishing of security in the amount of $450,000. The Supreme Court reduced the security requirement to $103,813.70, the amount of the monies already on deposit. The $400,000 judgment was itself appealed by defendants and affirmed by the Appellate Division. The Supreme

Court denied certification. Plaintiff, relying on *N.J.S.A.*39:6–48, now moves against Commercial Union for payment by it of the face amount of its policy, $100,000, plus interest at 12% from the date the judgment was entered. Commercial Union argues that its liability is limited to the amount it deposited: $103,813.70.

*R.*4:57–1 provides:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of the sum.

The rule makes no provision as to the effect of the deposit.

*R.* 4:42–11 provides:

> Judgments, awards, and orders for the payment of money and taxed costs, shall bear simple interest on the amount of the award at 12 percent per annum from the date of entry, except as otherwise ordered by the court and except as may be otherwise provided by law.

It is this rule upon which plaintiff relies in demanding 12% interest.

Commercial Union might have been able to obtain an order fixing its liability for interest. In *Kotzian v. Barr*, 152 *N.J.Super.* 561 (App.Div.1977), for example, the insurance carrier deposited its policy limits in court, pursuant to *R.* 4:57–1, and obtained an order which provided that the deposit represented the "full extent of the obligation of that insurer including any obligation of that insurer to pay prejudgment interest." *Id.* at 563. The order in the present case was silent as to any of its consequences.

Commercial Union argues that the purpose of *R.*4:57–1 is to permit the depositor to escape further liability. The rule, however, does not say so. The company also argues that the 12% interest rule is intended to apply only when the insurer retains the policy proceeds for its own purposes, that it should not apply when it no longer has any use of its monies. Again, the rule says nothing in support of this argument.

There are good reasons not to read the rules as Commercial Union would have the court read them. Payment into court

does not discharge the insurer's liability unless the court so orders. In the present case no such order was allowed and none should have been. The payment protected the insurer while providing no advantage to plaintiff. It was made for two purposes, both in the interest of the insurer: to prevent monies from being paid to plaintiff and possibly lost while Commercial Union pursued its appeal and to support its request for a stay of execution. Furthermore, the company had an alternative to the cash deposit: it could have furnished a bond. (As was done by Ohio Casualty.) In that case it could have continued to use its money but 12% interest would have continued to run on its obligation. The cash alternative was not dictated by plaintiff; it was chosen by the insurer. Plaintiff's right to the 12% return should not therefore be affected by the deposit.

For all of these reasons Commercial Union must pay plaintiff $100,000 plus 12% interest from the date judgment was entered. The clerk of this court shall first pay plaintiff the monies deposited by Commercial Union with all accumulated interest. Within 30 days thereafter the company shall pay plaintiff the difference between the amount so paid and the amount due as a result of this decision. Interest at 12% per annum shall continue to run on the company's $100,000 obligation until the clerk's check is received by plaintiff.