**Mary CHURCHILL**

v.

**STAR ENTERPRISES a/k/a Star Staff Inc., et al.**

**No. Civ.A. 97–3527.**

United States District Court, E.D. Pennsylvania.

April 28, 1998.

---

Thomas M. Holland, Law Offices of Thomas More Holland, Philadelphia, PA, for Mary Churchill, plaintiff.

Gayle A. Stein, Ballard, Spahr, Andrews and Ingersoll, Philadelphia, PA, Irving L.

Hurwitz, Carpenter, Bennett & Morrissey, Newark, NJ, Jed M. Milstein, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, for Star Enterprises a/k/a Star Staff Incorporated, defendant.

*MEMORANDUM*

BARTLE, District Judge.

Before the court is the motion of defendants for relief from judgment in accordance with Rule 60(b)(5) of the Federal Rules of Civil Procedure. Defendants contend that the judgment has been satisfied.

Plaintiff Mary Churchill brought an action against her former employer Star Enterprises and two of her former supervisors under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.* She claimed that she was improperly terminated, because of a medical condition, from her job as a store manager of a food mart at a Texaco station. The jury agreed and returned a verdict of $8,609.02 in her favor. This sum represented "damages equal to the amount of any wages, salary, employment benefits or other compensation denied or lost to such employees by reason of the violation" of the FMLA. *See* 29 U.S.C. § 2617(a)(1)(A)(i)(I). In accordance with the FMLA and with the agreement of the parties, the court added the prejudgment statutory interest in the amount of $559.59, for a total compensatory award of $9,168.61. *Id.* § 2617(a)(1)(A)(ii). The FMLA also allows the court to award liquidated damages in an amount equal to the compensatory damages and to order reinstatement. *See id.* §§ 2617(a)(1)(A)(iii) & (a)(1)(B). The court concluded that liquidated damages as well as reinstatement were warranted. Judgment was entered in favor of the plaintiff and against the defendants in the amount of $18,-337.22.

Defendant Star Enterprises has now reinstated plaintiff. In addition, it has paid her $9,168.61 which represents the liquidated damage portion of the judgment and $5,412.59 of the $9,168.61 in compensatory damages. The dispute centers on the remaining $3,756.02.

Despite the unpaid amount, defendants contend that the judgment should be deemed satisfied. They maintain that the unpaid portion of the judgment simply represents federal income taxes, FICA contributions,[1] and state income taxes which it is required to withhold from plaintiff's wages and pay to the United States and the Commonwealth of Pennsylvania. While plaintiff does not contest that she will owe taxes on the award, she vigorously disputes the right of the defendants to withhold the money from her and has attached one of defendant Star Enterprise's bank accounts to secure full payment.

Section 3402 of the Internal Revenue Code states in relevant part: "Except as otherwise provided in this section, every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary." 26 U.S.C. § 3402. For withholding purposes, "the term 'wages' means all remuneration (other than fees paid to a public official) for services performed by an employee for his employer, including the cash value of all remuneration (including benefits) paid in any medium other than cash." *Id.* § 3401.

Not all taxable income, of course, is subject to withholding. *See Central Illinois Pub. Serv. Co. v. United States,* 435 U.S. 21, 25, 98 S.Ct. 917, 55 L.Ed.2d 82 (1978). Rather, federal withholding, as noted above, applies only to wages or remuneration "for services performed by an employee for [her] employer." 26 U.S.C. § 3401. In this action, plaintiff, who had been terminated from her job, sought damages for the period when she was an ex-employee. Thus, the jury's award does not and cannot represent wages for services performed since she performed none during the relevant time frame. The FMLA explicitly recognizes this reality. The employer

who violates the statute is liable not for any denied or lost wages but for damages "*equal to* the amount of" any denied or lost wages. 29 U.S.C. § 2617(a)(1)(A)(i)(I). (Emphasis added).

Federal law also requires FICA withholding from wages. *See* 26 U.S.C. §§ 3101 and 3102. Under FICA, wages means "all remuneration for employment,[2] including the cash value of all remuneration (including benefits) paid in any medium other than cash" with various exceptions not relevant here. *Id.* § 3121. Again, because plaintiff was not employed by Star Enterprises for the period covered by the judgment, no withholding is required.[3]

Finally, § 3401 of the Internal Revenue Code excludes certain employee benefits from the definition of "wages." Thus, the employer cannot withhold taxes under § 3402 on account of such benefits. Under the FMLA, the available damages include not only "an amount equal to any denied or lost wages" but also "an amount equal to any denied or lost employment benefits." 29 U.S.C. § 2617(a)(1)(A)(i)(1). The jury verdict here did not delineate between these two components of plaintiff's damage. Consequently, even if withholding were otherwise appropriate, it is not possible to determine the proper amount in this case. *See Tungseth v. Mutual of Omaha Ins. Co.,* No. Civ.A. 3–91–525, 1993 WL 764640, at *2 (D.Minn. July 30, 1993), *aff'd,* 43 F.3d 406 (8th Cir. 1994).

Our analysis and conclusion with respect to withholding under Pennsylvania law is the same as under federal law. It is not required under the circumstances presented here. *See* Pa.Stat.Ann. tit. 72, § 7316.

■ Defendants cite two Internal Revenue Service Revenue Rulings and one Internal

---

**1.** FICA is the Federal Insurance Contribution Act, 26 U.S.C. §§ 3101, *et seq.* which requires contributions by wage earners for social security and hospital insurance.

**2.** Employment is defined as "any service, of whatever nature, performed (A) by an employee for the person employing him, irrespective of the citizenship or residence of either, (i) within the United States." 26 U.S.C. § 3121(b). An employee is "(1) any officer of a corporation; or (2)

any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." *Id.* § 3121(d).

**3.** Defendant also argues that at the time plaintiff eventually received the checks, on April 6, 1998, she was in fact reinstated and therefore an "employee." However, the statute still requires that the wages be for services performed and no such services were performed here.

Revenue Service Regulation in support of their argument that they are required by law to withhold taxes from plaintiff's back pay award. Revenue Rulings 72–341 and 78–176 hold that back pay payments to former employees or even persons never employed by a corporation because of illegal discrimination, constitute "wages" for purposes of the tax withholding laws. Rev.Rul. 72–341, 1972–2 C.B. 32, *obsoleted by,* Rev.Rul. 96–65, 1999–2 C.B. 6; Rev.Rul. 78–176, 1978–1 C.B. 303. We find that these Revenue Rulings expressly contradict the language of the statute. When such a contradiction exists, we are bound to follow the plain language of the statute. *Commissioner of Internal Revenue v. Schleier,* 515 U.S. 323, 336 n. 8, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995). Further, the Regulation which defendants cite affords them no assistance. It states that "remuneration for employment" shall be considered wages, "even though at the time paid the relationship of employer and employee no longer exists between the. person in whose employ the *services were performed* and the individual who performed them." 29 C.F.R. § 31.3121(a)–(1)(i) (emphasis added). Like the statute, this Regulation specifically requires the performance of services in order for the payment to constitute wages for withholding purposes.

In deciding this pending motion, we do not pass on what, if any, taxes or FICA contributions plaintiff may owe on the monies received as a result of the judgment. *See Schleier,* 515 U.S. at 331, 115 S.Ct. 2159; *United States v. Burke,* 504 U.S. 229, 237, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992). We simply hold that no withholding is mandated under federal or state law. Defendants are obligated to pay to plaintiff the entire amount of the judgment plus appropriate post-judgment interest. Since defendants have not done so, their motion for relief from judgment under Rule 60(b)(5) will be denied.

## *ORDER*

AND NOW, this 28th day of April, 1998, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendants Star Enterprises a/k/a Star Staff, Inc., Joseph Jantorno, and

David Smith for relief from judgment is DENIED.