726 A.2d 1017 (1998)
320 N.J. Super. 157
SANG-HOON KIM, Plaintiff,
v.
MONMOUTH COLLEGE, Eugene Rosi, William Demspe, Defendants,
Superior Court of New Jersey, Law Division (Civil), Monmouth County.
Decided December 4, 1998.
Andrew Dwyer, Newark, for plaintiff.
*1018 Joseph A. Manning, Livingston, for defendant.
D'AMICO, J.S.C.
Plaintiff Sang-Hoon Kim, Ph.D. was employed by defendant Monmouth College (now Monmouth University) as a professor of finance from 1987 until May 1993, when he was terminated. He has not been employed in any capacity by defendant since May 1993. He brought this action challenging his termination, alleging that in denying his application for tenure and then terminating him, defendant discriminated against him because of his national origin in violation of the New Jersey Law Against Discrimination. He also alleged that defendant breached its contract with him and the faculty union.
On February 9, 1998, the jury returned a verdict in favor of defendant as to the discrimination claim, but against defendant as to the breach of contract claim, unanimously awarding plaintiff $150,000 in compensatory damages. On April 3, 1998, the verdict was reduced, and a judgment was entered awarding plaintiff $60,000 in damages for "lost past income", $10,763 in pre-judgment interest and $8,986.17 in costs. The $60,000 in damages for "lost past income" represented lost income for the period following plaintiff's termination until the date of the trial.
On July 16, 1998, defendant's counsel forwarded two checks to plaintiff's counsel: (1) a check for $8,986.17, representing the costs awarded by the court, and (2) a check for $44,034.21, representing the gross award of $70,263 less federal income tax and FICA withholdings. On August 27, 1998, counsel for plaintiff returned the checks to defendant's counsel, objecting to the withholdings. Defendant now brings this motion to declare the judgment satisfied.
Defendant contends that the Internal Revenue Service places an affirmative duty on it to deduct the withholding taxes. Defendant primarily relies on Circular E, Employer's Tax Guide, Department of the Treasury Internal Revenue Service, Publication 15 (1998) which states that:
Withholding of income tax by an employer is required only on an employee's wages. Generally, the term wages includes all remuneration for services performed by an employee for an employer.
Defendant contends that plaintiff's award is subject to withholding because it constitutes "wages." Having offered plaintiff what defendant considers to be the proper amount, and plaintiff having refused the money, defendant demands that the judgment be marked satisfied.
Plaintiff objects to the withholdings, arguing that the $60,000 award for "past lost income" does not constitute "wages" and is therefore not subject to withholding under the Internal Revenue Code. Plaintiff does not dispute that the payment constitutes taxable income and should be reported. Plaintiff contends, however, that there is no basis for withholding the taxes. Plaintiff also demands post-judgment interest on the award.
This is an issue of first impression in New Jersey. To resolve it, it is necessary to examine the applicable provisions of the Internal Revenue Code to determine whether, when interpreted in accordance with ordinary meaning, they clearly and unambiguously yield only one interpretation. Richard's Auto City, Inc. v. Director, Div. of Taxation, 140 N.J. 523, 530, 659 A.2d 1360 (1995); Foundation for Fair Contracting, Ltd. v. N.J. Dept. of LaborWage and Hour Compliance Div., 316 N.J.Super. 437, 444, 720 A.2d 619 (App.Div.1998).
The Internal Revenue Code provides that withholdings apply to "wages." 26 U.S.C. § 3402(a)(1); Churchill v. Star Enterprises, 3 F.Supp.2d 622, 624 (E.D.Pa.1998). The Code defines "wages" as "all remuneration (other than fees paid to a public official) for services performed by an employee for his employer...." 26 U.S.C. § 3401(a). "Employment" is "any service, of whatever nature, performed ... by an employee for the person employing him." 26 U.S.C. § 3121(b). An "employee" is "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." 26 U.S.C. § 3121(d)(2).
The clear and unambiguous definition of "wages" in the Internal Revenue Code contemplates *1019 the performance of services by the employee. In this case, damages were awarded for a period of time during which plaintiff was no longer employed by defendant. Plaintiff was not performing services for defendant. Furthermore, no employeremployee relationship existed, as plaintiff had been terminated and has never been reinstated. Accordingly, a plain reading of the Internal Revenue Code definitions of "wages", "employment", and "employees" indicates that the "lost income" award does not constitute "wages" subject to withholding. See 26 U.S.C. §§ 3402(a)(1), 3401(a), 3121(b), 3121(d).
Federal law also requires withholding from wages under the Federal Insurance Contribution Act (FICA). See Churchill, supra, 3 F.Supp.2d at 624. Definitions substantially similar to those applicable to income tax withholding are used in FICA, and the same findings apply to FICA withholdings. See 26 U.S.C. §§ 3501, 3502, 3121(a), 3121(b).
The case law of other states also supports plaintiff's position. In Churchill, the court noted that plaintiff, who had been terminated from her job, sought damages for a period when she was no longer an employee. Churchill, supra, 3 F.Supp.2d at 624. The court held that "the jury's award does not and cannot represent wages for services performed since she performed none during the relevant time frame." Ibid.
Defendant contends that Churchill does not apply to this common law breach of contract case because it was decided under the Family and Medical Leave Act (FMLA), which mandates that FMLA awards not be treated as wages. However, nothing in the Churchill opinion indicates that the court's decision depended on FMLA or that the holding was limited to FMLA cases. The court merely noted that FMLA statutorily acknowledges this "reality." Churchill, supra, 3 F.Supp.2d at 624. Moreover, the court cited and relied primarily on the Internal Revenue Code for its findings. The court held that defendants were obligated to pay plaintiff the entire amount of the judgment plus post-judgment interest. Id. at 625. The court also held that FICA's definition of "wages," similar to the Internal Revenue Code's, also precluded classification of the award as "wages." Id. at 624.
In Lisec v. United Airlines, 10 Cal.App.4th 1500, 11 Cal.Rptr.2d 689 (Ct.App.1997), the court specifically addressed the obligation of a former employer to withhold taxes from a former employee who was awarded damages based on a contract claim. Id.at 689. The court found that the damages award was not "wages" from which defendant was obliged to withhold taxes because no part of the damages awarded redressed "deprivation of wages earned or due for services already performed or for a differential between appropriate pay and actual pay for services performed."Id. at 693. The award was therefore not made within an ongoing employment relationship triggering the obligation to withhold taxes. It is only within such a relationship that the obligation to withholding exists. The court refused to create such an obligation, stating that:
The statutes do not place upon a former employer the obligation to withhold taxes from an award of damages paid to a former employee not for services already performed but for breach of the employment contract.
Ibid.
Defendant cites United States v. Burke, 504 U.S. 229, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992) in support of the proposition that the Internal Revenue Code mandates withholdings. The Burke case, however, is distinguishable from this case for two reasons.
First, the United States Supreme Court in Burke addressed the issue of whether a back pay award under Title VII of the Civil Rights Act is excludable from the recipient's gross income under 26 U.S.C. § 104(a)(2). Id. at 230, 112 S.Ct. 1867. The plaintiff alleged that the back pay fell within the IRC exclusion for awards for personal injuries or sickness. Id. at 233-34, 112 S.Ct. 1867. The court, however, held that the back pay awards were not excludable from gross income. Id. at 242, 112 S.Ct. 1867.
In this case, plaintiff does not dispute that the award of lost income constitutes taxable income. The issue is whether the money constitutes "wages" subject to withholding *1020 under the IRC. Burke does not address this question. Moreover, other cases citing Burke all focus on whether a back pay award was exempt as nontaxable personal injury damages. See, e.g., Abrams v. Lightolier, Inc., 50 F.3d 1204, 1220 (3rd Cir.1995) (citing Burke for guidance in determining that a back pay award under the NJLAD represented nontaxable income); Hawryluk v. Union County Vocational-Technical Schools, 94 N.J.A.R.2d (CRT) 123 (1994) (holding that, despite the reasoning in Burke, an award of back-pay under the New Jersey Law Against Discrimination is excludable from gross income); see also, Lisec, supra, 11 Cal.Rptr.2d at 690 (noting the distinction between "includability," "taxability," and "withholdability.")
Second, the type of damages awarded in Burke differed from those awarded in this case. Plaintiffs' complaint in Burke alleged that the Tennessee Valley Authority had increased salaries in certain male-dominated pay schedules, but had failed to do the same in female-dominated schedules, and had lowered salaries in some female-dominated schedules. Id. at 231, 112 S.Ct. 1867. The plaintiffs, a group of female employees, sought injunctive relief as well as back pay for all affected female employees. The critical difference in Burke is that the employees were suing for, and were awarded, back pay for services already performed, but for which they had been underpaid due to the gender discrimination. This clearly brought the award within the definition of "wages" under the Internal Revenue Code.
Defendant should not have withheld taxes from the judgment in this case. The award compensated plaintiff for the period following his termination until the time of trial. It did not compensate him for services performed and so was not "wages" subject to withholding under the Internal Revenue Code. Defendant therefore did not tender the entire amount of the award, and the motion to mark the judgment satisfied is denied.
Defendant also argues that it should not be required to pay post-judgment interest on the award. Plaintiff notes that the judgment was entered nunc pro tunc to the date of the verdict, so post-judgment interest should run from February 9, 1998. Rule 4:42-11 states that post judgment interest will accrue as provided in the rules unless otherwise ordered by the court.
In pre-judgment interest cases, the Appellate Division has held that the "judicial suspension of interest extends only to those cases where an award of interest would neither advance the aim of early settlement nor constitute fair compensation to a plaintiff for money withheld and used or presumptively used by a defendant." Mehta v. Johns-Manville Products Corp., 163 N.J.Super. 1, 6, 394 A.2d 129 (App.Div.1978) (citing Kotzian v. Barr, 152 N.J.Super. 561, 566, 378 A.2d 256 (App.Div. 1977)). The court in Mehta extended this reasoning to a post-judgment interest determination.
In Mehta, the defendant was unable to pay to plaintiff the amount of the settlement because of plaintiff's own difficulties in obtaining proper documentation of releases, including releases of Canadian liens, warrants for satisfaction, Canadian orders of guardianship, transfers of funds to Canada, and investment of those funds. The court held that this was an exceptional situation in which the "policy, spirit and intent of the rule are patently inapposite to the circumstances at hand." Ibid. (quoting Kotzian, supra). It also noted that the payment of interest is controlled by equitable considerations unique to each case and aimed to accomplish justice. The court declined to require the payment of interest by a defendant for a delay not the defendant's fault, noting that such a result would be inequitable. Id. at 7, 394 A.2d 129.
In this case, defendant withheld more than $26,000 from the judgment improperly, causing counsel for plaintiff to return the checks and denying plaintiff the use of the money awarded. Equitable considerations therefore require the payment of post-judgment interest to plaintiff.