ARKANSAS DEPARTMENT of HEALTH & HUMAN SERVICES and Booneville Human Development Center *v.* Betty STOREY

07-525                                                                 269 S.W.3d 803

Supreme Court of Arkansas
Opinion delivered December 13, 2007

*Arkansas Department of Human Services, Office of Chief Counsel,* by: *James E. Brader,* for appellants.

*Ledbetter, Cogbill, Arnold & Harrison, L.L.P.,* by: *Rebecca D. Hattabaugh, R. Chris Parks,* and *Victor L. Crowell,* for appellee.

DONALD L. CORBIN, Justice. This is an appeal of a post-judgment order issued by the Logan County Circuit Court. The order found that Appellants, Arkansas Department of Health and Human Services (ADHHS) and Booneville Human Development Center (BHDC), would not be released from judgments entered on August 1 and October 24, 2006,[1] and that the judgments would not be deemed satisfied until the additional monies withheld as taxes, plus interest, were paid to Appellee Betty Storey. This case was certified to this court by the Arkansas Court of Appeals for a determination of whether the circuit court erred in refusing to allow Appellants to withhold taxes from the judgments; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1), (4), and (6).

On April 16, 2004, Appellee was terminated from her employment as a social worker with BHDC, a state-owned residential facility for individuals with developmental disabilities. Following her termination, Appellee filed a lawsuit against Appellants asserting, in part, that they had violated the Arkansas Whistle-Blower Act, Ark. Code Ann. § 21-1-601 *et seq.,* by terminating her in retaliation for reporting suspected improprieties.

Following a three-day trial on July 10, 12, and 13, 2006, the jury returned a verdict in favor of Appellee on her whistle-blower claim, and awarded her $75,000.00 for "lost wages, benefits, and other remuneration." An order to this effect was entered on August 1, 2006. Subsequent to trial, Appellee filed a motion for front pay in lieu of reinstatement. The circuit court granted this motion, and, in an October 24, 2006 order, awarded Appellee $40,000.00. Neither of these judgments were appealed.

Following these judgments, Appellants sent payments of $38,638.34 and $22,305.44 to Appellee. However, these amounts were less than what was awarded because Appellants withheld $36,361.66 of the $75,000.00 award and $17,694.56 of the $40,000.00 award in federal and state income taxes, including Federal Insurance Contribution Act (FICA) taxes. On November 13, 2006, Appellee, through her attorney, sent a letter to the

---

[1] In the order being appealed from, the circuit court incorrectly stated that the judgment was awarded on October 19, 2006. However, the order was entered on October 24, 2006, the day it was filed. *See* Ark. R. App. P.–Civ. 3(d).

circuit court informing it of the situation, and arguing that it was not appropriate for Appellants to withhold any taxes from the judgments. In addition to setting forth legal arguments, Appellee requested that the court set this matter for a hearing.

A hearing on the issue of withholding was held on December 5, 2006. After hearing arguments from both parties, which included Appellants' oral motion for satisfaction of judgment, the circuit court found in Appellee's favor. In a December 13, 2006 order, the circuit court ruled that Appellants would not be released and the judgments would not be deemed satisfied until the withheld monies, plus interest, were paid to Appellee. As support for this ruling, the circuit court found that (1) "at the time Judgment was awarded, [Appellee] was not employed by BHDC, the [Appellants] were not her employer, and she had not provided any services to them"; and (2) Appellants "have failed to submit authority to this Court establishing that they were authorized or obligated to withhold the sums which they withheld from the amount of the Judgment awards to [Appellee]." This appeal followed.

On appeal, Appellants raise two issues for reversal: the circuit court (1) erred in finding that the entire amounts of back and front pay awards in an Arkansas Whistle-Blower Act case were not "wages" subject to income tax withholding, and (2) abused its discretion by refusing to release Appellants from judgment.[2] Prior to addressing these arguments, however, it is necessary to examine the threshold issue of jurisdiction.

■ Appellee has questioned whether this court has jurisdiction to hear this case. She argues that, under Ark. R. App. P.–Civ. 4, Appellants were required to file a notice of appeal within thirty days of entry of both the August 1 and October 24 orders. Appellants did not do this. Consequently, according to Appellee, Appellants are now attempting to appeal the circuit court's denial of their oral motion to release them from the judgments because they were purportedly satisfied, which it cannot do. Specifically, Appellee argues that the postjudgment order is

---

[2] Appellee claims that Appellants have failed to properly preserve these issues for review. Specifically, she alleges that these issues were not properly presented to the circuit court and that they were not ruled upon below. A review of the record reveals that the issues on appeal were the same issues presented and decided below. Therefore, they are properly before this court.

interlocutory in nature such that it is not an appealable order under Ark. R. App. P.–Civ. 2.[3] Upon review, the postjudgment order is an appealable order. Appellants are not contesting the judgments themselves; rather, they are challenging the circuit court's post-judgment order finding that their payment, which withheld taxes, did not satisfy the judgments. Thus, the order is appealable because it, in effect, determined the action of this case. *See* Ark. R. App. P.–Civ. 2(a)(2).

Because we have jurisdiction to hear this appeal, we will now address the issues raised by Appellants. Their first argument asks the question of whether the entire amounts of back and front pay awards in an Arkansas Whistle-Blower Act case are "wages" subject to income tax withholding. In framing their argument, Appellants first direct the court to determine whether the full amounts of the awards are gross income, and then to examine the issue of whether the awards are "wages" subject to income tax withholding. Appellee concedes that the awards may, at some point, be taxable, but argues that Appellants had no authority to withhold taxes from the back and front pay awards. Thus, the issue is not whether the awards are taxable but whether Appellants, as a former employer, had any obligation or authority to withhold income tax from payments intended to satisfy final judgments entered in a wrongful-termination case.[4]

Federal law, under the Internal Revenue Code, requires that an employer deduct and withhold from an employee's wages federal income tax on behalf of the employee, except in certain circumstances not relevant here. *See* 26 U.S.C. § 3402(a) (2000). In addition, employers are also required to withhold employee taxes that fund, amongst other things, disability insurance (Social Security) and Medicare programs pursuant to FICA. *See* 26 U.S.C. §§ 3101-3102 (2000 & Supp. 2004). Like federal income taxes, FICA taxes are based upon and withheld from employees' "wages." *See* 26 U.S.C. § 3102(a) (Supp. 2004). The Internal Revenue Code, apart from listed exclusions that do not apply here, defines "wages" as "all remuneration (other than fees paid to a

---

[3] This is an issue she also raised by filing a motion to dismiss the appeal with the court of appeals, which was denied without prejudice.

[4] This is a question of law, thus this court's review is de novo and the circuit court's ruling is given no deference on appeal *See Helena-West Helena Sch. Dist. v. Fluker*, 371 Ark. 574, 268 S.W.3d 879 (2007).

public official) for services performed by an employee for his employer, including the cash value of all remuneration (including benefits) paid in any medium other than cash[.]" 26 U.S.C. § 3401(a) (2000).[5] Similarly, aside from listed exclusions not applicable here, FICA defines "wages" as "all remuneration for employment, including the cash value of all remuneration (including benefits) paid in any medium other than cash[.]" 26 U.S.C. § 3121(a) (2000).[6]

Similarly, the Arkansas Income Tax Act of 1929 provides that "[e]very employer making payments of wages to employees shall deduct and withhold from their wages an amount determined from withholding tables promulgated by the director and furnished to the employer." Ark. Code Ann. § 26-51-905(a)(1) (Supp. 2003). "[W]ages" are "remuneration in cash or other form for services performed by an employee for an employer[.]" Ark. Code Ann. § 26-51-902(13) (Supp. 2005).[7]

In the present case, the circuit court found that at the time the judgments were awarded, Appellee was not employed by Appellants and she had not provided any services to them. Furthermore, the circuit court found that Appellants failed to submit authority establishing that they were required or authorized to withhold taxes from the judgments. Appellants claim that the circuit court's decision is contrary to prevailing federal tax law and should be reversed by this court. Specifically, Appellants argue that

---

[5] The Internal Revenue Code defines an "employee" as "an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing" and an "employer" as "the person for whom an individual performs or performed any service, of whatever nature, as the employee of such person." 26 U.S.C. § 3401(c), (d) (2000).

[6] For FICA tax purposes, "employment" is defined as "any service, of whatever nature, performed (A) by an employee for the person employing him[.]" *See* 26 U.S.C. § 3121(b)(A) (2000).

[7] Under the Income Tax Act, an "employee" is anyone subject to the Act "who performs or performed services for an employer and receives wages for the services," and an "employer" is any person, as defined by Ark. Code Ann. § 26-51-902(10) (Repl. 1997), "doing business in or deriving income from sources within this state who has control of the payment of wages to an individual for services performed, or a person who is the officer or agent of the person having control of the payment of wages." Ark. Code Ann. § 26-51-902(5), (6) (Repl. 1997).

they were required, under both federal and state law, to withhold portions of the back pay and the front pay judgments because they constituted "wages."

■ The issue of whether a defendant was required to withhold taxes when satisfying a judgment awarded in a wrongful-termination case is an issue of first impression in Arkansas. However, other jurisdictions have addressed this issue. In examining this issue, the focus is on whether an employer-employee relationship existed, such that the award constituted "wages," thus triggering the withholding requirement. *See, e.g., Longstreth v. Copple,* 101 F. Supp. 2d 776, 778 (N.D. Iowa 2000) (explaining that "it is important to demonstrate an employer-employee relationship in order to label an award as wages for purposes of triggering the withholding requirement"); *Newhouse v. McCormick & Co.,* 157 F.3d 582, 585 (8th Cir. 1998) (explaining that the plain language of the Internal Revenue Code "indicates the importance of demonstrating an employer-employee relationship in order to label an award as wages for purposes of triggering the withholding requirement"). If an employer-employee relationship does not exist during the time period for which the judgment is awarded, then the award does not constitute "wages,"and the income tax withholding requirement is not applicable. *See Sang-Hoon Kim v. Monmouth College,* 320 N.J. Super. 157, 160, 726 A.2d 1017, 1019 (1998) (explaining that when no employer-employee relationship existed, because the plaintiff had been terminated and had never been reinstated, a "lost income" award did not constitute "wages" subject to withholding under the Internal Revenue Code); *Newhouse,* 157 F.3d 582, 585 (explaining that the front and back pay awards were not "wages" thus triggering a withholding requirement because the judgment did not arise out of any current or previous employment relationship); *Churchill v. Star Enters.,* 3 F. Supp. 2d 622, 624 (E.D. Pa. 1998) (explaining that when a plaintiff is terminated and obtains an award of damages for a period of time when she was an ex-employee, "the jury's award does not and cannot represent wages for services performed since she performed none during the relevant time frame"); *Lisec v. United Airlines,* 10 Cal. App. 4th 1500, 1507, 11 Cal. Rptr. 2d 689, 693 (1992) (explaining that federal and state tax law does not "place upon a *former* employer the obligation to withhold taxes from an award of damages paid to a former employee not for services already performed but for breach of the employment contract").

Appellant asks this court to reject the above jurisprudence, or what they refer to as the "no services, no wages" argument. Instead, they urge this court to follow the principle set out in *Social Security Board v. Nierotko*, 327 U.S. 358, 365-66 (1946), that " 'service' . . . means not only work actually done but the entire employer-employee relationship for which compensation is paid to the employee by the employer." In support of this argument, Appellants claim that a majority of the federal circuits, following *Nierotko*, have held that wrongful-discharge settlements and judgments are wages for income tax and FICA purposes, regardless of whether actual services have been performed. *See Appoloni v. United States*, 450 F.3d 185 (6th Cir. 2006) (holding that the government properly withheld FICA taxes from early retirement incentive payments because the payments were "wages" taxable under FICA); *St. Louis Cardinals v. United States*, 185 F. Supp. 2d 1043 (E.D. Mo. 2001) (holding that the government properly withheld federal employment taxes from payments made to a settlement fund because the money paid was wages within the meaning of the Internal Revenue Code payroll tax provisions); *Associated Elec. Coop., Inc. v. United States*, 226 F.3d 1322 (Fed. Cir. 2000) (holding that an employer was not entitled to a refund for taxes it paid under FICA on payment to employees who were terminated pursuant to a voluntary "early out" plan because these payments were intimately related to and arose from the employer-employee relationship and thus were "wages" subject to FICA taxes); *Gerbec v. United States*, 164 F.3d 1015 (6th Cir. 1999) (holding that taxpayers were not entitled to a refund for federal income and FICA taxes paid on amounts they received in settlement of an Employees Retirement Income Security Act (ERISA) action against their former employer because the portion of the settlement received for back wages or future wages received as a result of the firing were taxable as income); *Mayberry v. United States*, 151 F.3d 855 (8th Cir. 1998) (holding that taxpayers were not entitled to a refund of income and employment taxes paid on an ERISA settlement award because the settlement constituted wages for the purposes of FICA taxes); *Hemelt v. United States*, 122 F.3d 204 (4th Cir. 1997) (holding that taxpayers were not entitled to a refund of federal income and FICA taxes withheld from portions of an ERISA settlement because the settlement amounts were wages subject to tax under FICA). These cases are inapposite as they all deal with the question of whether certain types of awards are taxable, and not the question of whether a former employer is obligated to withhold taxes from an award.

As stated earlier, the focus is on whether an employer-employee relationship existed at the time for which the award is meant to compensate. Specifically, if an employer-employee relationship existed at the time being compensated for, then the award is subject to withholding. *See Rivera v. Baker West, Inc.*, 430 F.3d 1253 (9th Cir. 2005) (holding that a settlement award paid to compensate for lost wages, pursuant to Title VII, was subject to withholding because it stemmed from an employer-employee relationship even though the plaintiff-appellant was not currently employed with the defendants-appellees); *Nierotko*, 327 U.S. 358 (holding that, even though the employer attempted to fire the plaintiff-respondent, he remained an employee under the definition of the Labor Act from which his award stemmed, such that he had "employment" under that act). If this relationship did not exist, then the award does not constitute "wages" and taxes are not required to be withheld from the judgment amount. *See, e.g., Sang-Hoon Kim*, 320 N.J. Super. 157, 726 A.2d 1017; *Churchill*, 3 F. Supp. 2d 622; *Lisec*, 10 Cal. App. 4th 1500.

In the present case, the judgments awarded to Appellee did not constitute "wages" and the withholding requirements in federal and state income tax law are not applicable. As stated above, the key factor in determining whether an award constitutes "wages" is the nature of the employer-employee relationship at the time the compensation is being paid for. In this case, Appellee was found to be wrongfully terminated under the Arkansas Whistle-Blower Act. The jury awarded Appellee $75,000.00 for "lost wages, benefits, and other remuneration" and the circuit court awarded $40,000.00 for front pay in lieu of reinstatement. During the time period for which these awards were meant to compensate Appellee, she was not an employee of Appellants. Thus, the compensation was not for services performed in the nature of an employment relationship, and Appellants were not required or authorized to withhold the taxes. By their very nature, the awards cannot be "wages" because they did not arise out of an employer-employee relationship but rather the lack thereof. Thus, the answer to Appellants' question of "whether the entire amounts of back and front pay awards in an Arkansas Whistle-Blower Act case are 'wages' subject to income tax withholding" is no.

Appellants' second argument for reversal is that the circuit court abused its discretion by refusing to release them from judgment. Specifically, Appellants claim that (1) Appellee had an

adequate remedy in the tax refund process, (2) Appellee was not irreparably harmed by the withholding of taxes from the awards, and (3) ADHHS would be liable for the tax if it failed to withhold and thus had no discretion in this matter. None of these arguments have any merit because they assume that Appellants had the authority to withhold taxes from the judgments. As discussed previously, this was not the case and Appellants were not obligated to withhold taxes. Consequently, the circuit court did not abuse its discretion in refusing to find the judgments satisfied when Appellants had not paid $36,361.66 of the $75,000.00 award and $17,694.56 of the $40,000.00 award.

Affirmed.