ARKANSAS DEPARTMENT of HEALTH and HUMAN
SERVICES, and Booneville Human Development Center *v.*
Betty STOREY

07-525                                                271 S.W.3d 500

Supreme Court of Arkansas
Opinion delivered January 17, 2008

*James E. Brader*, Office of Chief Counsel, for appellants.

*Ledbetter, Cogbill, Arnold & Harrison, L.L.P.*, by: *Rebecca D. Hattabaugh, R. Chris Parks*, and *Victor L. Crowell*, for appellee.

PER CURIAM. On December 13, 2007, we handed down *Arkansas Department of Health and Human Services v. Storey*, 372 Ark. 23, 269 S.W.3d 803 (2007), affirming the circuit court's postjudgment order that Appellants would not be released from two

judgments and those judgments would not be deemed satisfied until the additional monies withheld as taxes, plus interest, were paid to Appellee Betty Storey. Now, Storey has filed a motion for attorneys' fees and costs incurred in the appeal of this case. Specifically, she argues that, as the prevailing party on this appeal, she is entitled to attorneys' fees and costs under the Arkansas Whistle-Blower Act, Ark. Code Ann. § 21-1-605(5) (Repl. 2004), and Ark. Sup. Ct. R. 6-7(a).

■ Under Rule 6-7(a), where the order is affirmed, "[t]he appellee may recover brief costs not to exceed $3.00 per page; total costs not to exceed $500.00." Here, Storey's brief totaled thirty-one pages at a cost of $93.00. As such, Storey's motion for costs totaling $93.00 is granted pursuant to our rules.

Additionally, Storey has requested attorneys' fees on appeal in the amount of $7,547.50 pursuant to section 21-1-605(5) of the Arkansas Whistle-Blower Act. Section 21-1-605(5) provides, in pertinent part:

> A court in rendering judgment under this subchapter may order any or all of the following remedies:
>
> . . . .
>
> (5) The payment by the public employer of reasonable court costs and attorney's fees.

This court has consistently maintained that attorneys' fees are only allowed when authorized by statute. *See Running M Farms, Inc. v. Farm Bureau Mut. Ins. Co.*, 371 Ark. 308, 265 S.W.3d 740 (2007).

■ Storey argues that, as the prevailing party on appeal, she is entitled to reasonable attorneys' fees pursuant to section 21-1-605(5). First, we point out that Storey is not "entitled" to these fees because the decision to award these fees is discretionary. Second, we are not authorized to issue attorneys' fees in this case. Section 21-1-605(5) clearly sets forth that a court in rendering judgment under the Arkansas Whistle-Blower Act may order the public employer to pay reasonable attorneys' fees. This case came before us on an appeal from the circuit court's postjudgment order finding that the judgments awarded in Storey's whistle-blower cause of action would not be deemed satisfied until the additional monies withheld as taxes, plus interest, were paid by Appellants.

While the postjudgment order appealed from was related to judgments entered pursuant to the Arkansas Whistle-Blower Act, our judgment on appeal was not rendered under this act. Rather, it was decided based primarily upon federal and state income tax law. As such, section 21-1-605 is inapplicable and attorneys' fees are not warranted.

Costs on appeal granted; attorneys' fees denied.