Filed 6/26/15

**CERTIFIED FOR PARTIAL PUBLICATION**\*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CARLOS CIFUENTES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>COSTCO WHOLESALE<br>CORPORATION,<br><br>    Defendant and Appellant. | 2d Civil No. B247930<br>(Super. Ct. No. 1338554)<br>(Santa Barbara County) |

Cifuentes won a judgment for lost wages against his former employer, Costco Wholesale Corporation (Costco). Costco withheld federal and state payroll taxes from the award. Cifuentes claimed the judgment was not satisfied, citing the decision in *Lisec v. United Airlines, Inc.* (1992) 10 Cal.App.4th 1500, 1507 (*Lisec*), that an employer is not required to withhold payroll taxes from an award of lost wages to a former employee. Believing it was bound by *Lisec*, the trial court ruled the withholding was improper and denied Costco's motion for acknowledgment of satisfaction of the judgment. We conclude this was error.

In the 23 years since *Lisec*, the Internal Revenue Service (IRS) and the vast majority of federal appellate courts have broadly interpreted the applicable Internal Revenue Code (IRC) provisions as requiring an employer to withhold payroll taxes for all

---

\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

"wages" arising from the employer-employee relationship, even after that relationship has terminated. Persuaded by these authorities, we adopt this prevailing view and conclude Costco properly withheld the payroll taxes. The judgment having been satisfied, we reverse the trial court's order and remand with instructions.

FACTUAL AND PROCEDURAL BACKGROUND

While employed by Costco, Cifuentes observed a front-end manager hugging a female employee outside the store. He reported the incident to a supervisor. Six months later, the front-end manager reported seeing Cifuentes surreptitiously sip three ounces of a beverage sold by Costco. Costco terminated Cifuentes' employment for violating its policy against "grazing," i.e., consuming food merchandise without payment.

Cifuentes filed a wrongful termination complaint alleging contract claims against Costco and tort claims against Costco and three of its managers. The trial court summarily adjudicated the tort claims in the defendants' favor.

Cifuentes prevailed at trial on his breach of contract claim. The jury awarded him $28,125 in "past wage loss" and $273,253 in "future wage loss." With costs and interest, the judgment totaled $325,692.07. Cifuentes appealed the portion of the judgment summarily adjudicating the tort claims in favor of Costco and its managers. We affirmed. (*Cifuentes v. Costco Wholesale Corp.* (July 10, 2012, B231684) [nonpub. opn.].)

When Costco paid the judgment, it withheld $116,150.84 in payroll taxes from the $301,378 attributed to lost wages. The taxes included Federal Income Contribution Act (FICA) contributions, federal and state income taxes and state disability insurance. Maintaining it was required by law to withhold the taxes, Costco informed Cifuentes it had fully satisfied the judgment.

Initially, Cifuentes claimed that post-judgment interest of $274.53 was still owed. Costco disputed this, but paid the $274.53 and demanded that Cifuentes acknowledge full satisfaction of the judgment. Cifuentes again declined, pointing to the Sixth Appellate District's decision in *Lisec, supra,* 10 Cal.App.4th at page 1507, that an award of lost wages to a former employee is not subject to withholding. He asserted

2

Costco should have paid him the full judgment amount, issued a 1099 tax form for the lost wages and allowed him to pay any taxes due directly to the taxing authorities. Cifuentes filed an acknowledgment of partial satisfaction in the amount of $209,898.15.

In a series of letters, the parties disputed whether *Lisec* was controlling. Costco cited a number of contrary IRS and federal case authorities and highlighted the admonishment in a respected California practice guide that "[e]mployers should not rely on *Lisec,* supra. The opinion does not cite or mention contrary federal cases on what is basically an issue of federal tax law." (Chin et al., Cal. Practice Guide: Employment Litigation (The Rutter Group 2014) ¶ 17:897, p. 17-169 (Cal. Rutter Employment Guide); accord, Rosen et al., Cal. Practice Guide: Federal Employment Litigation (The Rutter Group 2015) ¶ 11:897, p. 11-110 (Fed. Rutter Employment Guide).) Costco further noted that Cifuentes' own financial expert, Pamela Allman, testified that any compensation for "lost past or future wages" would be "subject to payroll taxes," including "Social Security, Medicare, [and s]tate disability insurance."

The impasse remained until Cifuentes received $69,078 in tax refunds from the IRS and California Franchise Tax Board. Costco again demanded he acknowledge satisfaction of the judgment. Cifuentes refused, claiming he was still owed $23,764.95 plus interest. Costco moved for an acknowledgement of satisfaction of judgment pursuant to Code of Civil Procedure section 724.050[1] and requested $20,060 in attorney fees.

Citing a number of federal appellate decisions, IRS authorities and treatises, Costco argued *Lisec* was wrongly decided and that prevailing law supported the withholding. The trial court acknowledged that "[m]uch of what Costco argues is compelling," and stated that "[i]f the court were to rule on this issue in the first instance, it might be inclined to rule in Costco's favor." Suggesting "the issue may need to be decided by a higher court," the court determined it had no choice but to follow *Lisec* as the only California appellate decision on point and consequently denied the motion. It

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

3

found Costco still owes Cifuentes the $9,975.37 withheld for FICA and state disability insurance, plus interest on that sum and "possibly" on the income tax withholdings that eventually were refunded. The court questioned whether interest is due on the amounts withheld for income taxes actually owed, but concluded "[i]n any event, the judgment has not been fully satisfied." It denied Cifuentes' request for $2,880 in attorney fees based on his failure to submit a declaration providing evidence of those fees. Costco appeals.

DISCUSSION

The principal issue on appeal is whether an employer is required to withhold payroll taxes when paying a judgment to a former employee for "lost past wages" (back pay) and "lost future wages" (front pay). Back pay is the amount of wages the employee would have earned from the date of termination up to the time of the court award or settlement but for the employer's misconduct. (*Noel v. New York State Office of Mental Health Central New York Psychiatric Center* (2d Cir. 2012) 697 F.3d 209, 213 (*Noel*).) Front pay is "money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." (*Pollard v. E.I. du Pont de Nemours & Co.* (2001) 532 U.S. 843, 846.)

Costco contends the award of back and front pay to Cifuentes constituted "wages" under the applicable federal and state tax laws and, as such, was subject to mandatory withholding. It claims that if it had paid the judgment without deducting the taxes, it could have been held personally liable for them. Cifuentes responds that under *Lisec, supra,* 10 Cal.App.4th at page 1507, the judgment must be satisfied in the amount as written. He concedes the award was taxable to him as income, but maintains the withholding was unlawful because the award was not remuneration for services performed by him on Costco's behalf.

The trial court determined it was bound by *Lisec* under principles of stare decisis. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Although we review the decision of a sister court with respect, if we disagree with its conclusion, we are not so bound. (*Greyhound Lines, Inc. v. County of Santa Clara* (1986) 187 Cal.App.3d 480, 485; see *In re Jaime P.* (2006) 40 Cal.4th 128, 133

4

["[R]eexamination of precedent may become necessary when subsequent developments indicate an earlier decision was unsound, or has become ripe for reconsideration"].) Our review of current IRS and federal decisional authorities persuades us that an employer who fails to withhold payroll taxes from an award of back or front pay to a former employee exposes itself to penalties and personal liability for those taxes. We therefore decline to follow *Lisec* and adopt instead the prevailing federal view.

### *Standard of Review*

We review de novo the trial court's interpretation of the meaning and scope of federal statutory law. (*Kanter v. Warner-Lambert Co.* (2002) 99 Cal.App.4th 780, 789.) If the United States Supreme Court has not provided guidance on an issue of federal law and there is a division of opinion or conflict among the federal courts, state courts may make an independent determination of federal law. (*Alicia T. v. County of Los Angeles* (1990) 222 Cal.App.3d 869, 879.) The decisions of the federal appellate and district courts are accorded great weight, though they are not binding. (*Ibid.*)

### *Pre-1993 Interpretation of Applicable Tax Laws*

The IRC requires employers to collect income and FICA taxes by withholding them from wages paid to employees. (26 U.S.C. §§ 3102(a), 3402(a)(1); *Maxfield v. United States Postal Service* (9th Cir. 1984) 752 F.2d 433, 434.) California law similarly requires employers to withhold state income and disability insurance taxes. (Unemp. Ins. Code (UIC), §§ 13020, subd. (a)(1), 986.) An employer who fails to withhold such taxes may be held liable for those taxes plus penalties and interest. (26 U.S.C. §§ 3102(b), 3403, 6651; UIC, §§ 987, 1112, 1113, 1127, 13070.) The failure to withhold taxes also is punishable as a crime. (26 U.S.C. § 7202 [felony]; UIC, § 2118 [misdemeanor].) In addition, even if the tax is later paid, an employer who fails to withhold is subject to liability for penalties and other statutory additions. (26 U.S.C. § 3402(d); see *Cheetham v. CSX Transportation* (M.D. Fla. 2012) 2012 WL 1424168, *8 (*Cheetham*).)

The IRC and UIC define "wages" for income tax withholding purposes as "all remuneration . . . for services performed by an employee for his [or her] employer."

5

(26 U.S.C. § 3401(a); UIC, § 13009.) The IRC describes "wages" for FICA (Social Security and Medicare) withholding as "all remuneration for employment," and defines "employment" as "any service, of whatever nature, performed . . . by an employee for the person employing him." (26 U.S.C. § 3121(a), (b).) Given the similarity in the statutory definitions of "wages," they are interpreted in the same manner. (*Rowan Cos. v. United States* (1981) 452 U.S. 247, 257 [tax statutes favor consistent definition of wages for both FICA and income tax withholding purposes]; see *J.H. McKnight Ranch, Inc. v. Franchise Tax Bd.* (2003) 110 Cal.App.4th 978, 984, fn. 1.) When federal and state tax statutes are identical, as they are here, federal decisions are particularly compelling in interpreting state tax law. (*Douglas v. State of California* (1942) 48 Cal.App.2d 835, 838; *Estate of Darby* (1949) 93 Cal.App.2d 96, 100.)

*Social Sec. Bd. v. Nierotko* (1946) 327 U.S. 358 (*Nierotko*), considered whether an award of back pay to a wrongfully terminated employee constitutes wages for Social Security purposes. The employee was reinstated and awarded pay for the period he was not employed. (*Id.* at pp. 359-360.) The United States Supreme Court held the award constituted "wages under the Social Security Act definitions which define wages as 'remuneration for employment' and employment as 'any service . . . performed . . . by an employee for his employer.'" (*Id.* at p. 364; see 26 U.S.C. § 3121(a), (b).) The court rejected the argument the award did not qualify as wages because no services had been performed. It explained that "wages" and "employment" should be interpreted broadly: "The very words 'any service . . . performed . . . for his employer,' with the purpose of the Social Security Act in mind *import breadth of coverage*. They admonish us against holding that 'service' can be only productive activity. We think that 'service' as used by Congress in this definitive phrase means not only work actually done but the entire employer-employee relationship for which compensation is paid to the employee by the employer." (*Nierotko*, at pp. 365-366, italics added, fn. omitted.)

Emphasizing *Nierotko*'s broad construction of "wages," the federal court of claims similarly approved the deduction of FICA taxes from an award of back pay to an employee who was wrongfully terminated and then reinstated to his position. (*Ainsworth*

6

*v. United States* (Ct. Cl. 1968) 399 F.2d 176, 185-186, superseded by statute on other grounds as stated in *Markey v. United States* (1993) 27 Fed. Cl. 615, 627.)  Because the employee had been reinstated, the court found it unnecessary to address the "problems which may arise if an employee is not reinstated at any time."  (*Id.* at p. 183.)

In 1972, the IRS ruled that a payment of three weeks' pay to a discharged employee in settlement of a discrimination claim constituted wages for purposes of FICA and income tax withholding.  (Rev. Rul. 72-572, 1972 - 2 C.B. 535.)  It noted that under the applicable employment tax regulations, remuneration for employment constitutes wages even though the individual is no longer an employee at the time paid, and "for purposes of income tax withholding, that all payments made by an employee on account of dismissal, that is, involuntary separation from the service of the employer, constitute 'wages' regardless of whether the employer is legally bound by contract, statute, or otherwise to make the payments."  (*Ibid.*, citing 26 C.F.R. §§ 31.3121(a)-1(b), (i), 31.3306(b)-1(i), and 31.3401(a)-1(a)(5).)

When *Lisec* came before the court in 1992, there was little additional decisional guidance on the scope of "wages" as defined in the tax statutes.  The plaintiffs, who had prevailed on their wrongful termination claim, obtained an award of contract damages that included back and front pay.  (*Lisec, supra,* 10 Cal.App.4th at pp. 1501-1502, 1504.)  Their former employer withheld payroll taxes, claiming the award constituted wages under federal and state law.  (*Id.* at pp. 1501-1502.)  When the plaintiffs maintained the judgment was not satisfied, the employer moved for an acknowledgment of satisfaction of judgment, as permitted by section 724.050.[2]  The trial

---

[2] Section 724.050, subdivision (d), provides in relevant part:  "If the judgment creditor does not comply with the demand [to file an acknowledgment of satisfaction of judgment] within the time allowed, the person making the demand may apply to the court on noticed motion for an order requiring the judgment creditor to comply with the demand. . . .  If the court determines that the judgment has been satisfied and that the judgment creditor has not complied with the demand, the court shall either (1) order the judgment creditor to comply with the demand or (2) order the court clerk to enter satisfaction of the judgment."

court denied the motion, finding the employer lacked statutory authority to unilaterally reduce the judgment by withholding taxes. (*Lisec,* at pp. 1503, 1507-1508.)

In affirming the decision, the Court of Appeal distinguished *Nierotko* and *Ainsworth* on the basis that the employees in those cases were reinstated. (*Lisec, supra,* 10 Cal.App.4th at p. 1507.) It observed the damages awarded to the plaintiffs did not redress deprivation of compensation earned or due for services already performed within the context of an ongoing employment relationship. (*Ibid.*) In the absence of such a relationship, the court held the award did not constitute remuneration for services performed, and thus was not wages for purposes of withholding. (*Ibid.*)

*Post-Lisec Interpretation of Applicable Tax Laws*

In the years since *Lisec,* numerous federal courts have considered whether an award of back or front pay to a non-reinstated employee is subject to income/FICA taxation and withholding. With the exception of the Fifth Circuit (see *Dotson v. United States* (5th Cir. 1996) 87 F.3d 682, 690), federal appellate courts have adopted *Nierotko*'s broad interpretation of "wages" for taxation and withholding purposes. In *Gerbec v. United States* (6th Cir. 1999) 164 F.3d 1015, 1026 (*Gerbec*), the Sixth Circuit concluded that a portion of a settlement award of back and front pay in a class action brought by former employees of Continental Can Company (Continental) was subject to both income and FICA taxes. It explained: "The phrase 'remuneration for employment' as it appears in [IRC] § 3121 should be interpreted broadly. [Citations.] We hold that the phrase 'remuneration for employment' includes certain compensation in the employer-employee relationship for which no actual services were performed. . . . The holding in *Nierotko* clearly supports the conclusion that awards representing a loss in wages, both back wages and future wages, that otherwise would have been paid, reflect compensation paid to the employee because of the employer-employee relationship, regardless of whether the employee actually worked during the time period in question." (*Ibid.*, fn. omitted.)

The Fourth and Eighth Circuits reached the same conclusion in two other Continental settlement cases. (*Hemelt v. United States* (4th Cir. 1997) 122 F.3d 204, 209 (*Hemelt*); *Mayberry v. United States* (8th Cir. 1998) 151 F.3d 855, 860 (*Mayberry*).)

8

They, along with *Gerbec,* rejected *Dotson v. United States, supra,* 87 F.3d at page 690, an earlier Continental settlement case which held that front pay was not subject to wage taxation because it was not for "services already performed." (*Gerbec, supra,* 164 F.3d at p. 1026, fn. 15; *Hemelt,* at pp. 207, 210; *Mayberry,* at p. 858; see *Noel, supra,* 697 F.3d at p. 213, fn. 4.)

In *Rivera v. Baker West, Inc.* (9th Cir. 2005) 430 F.3d 1253, 1259 (*Rivera*), the Ninth Circuit concluded that payroll taxes had to be withheld from an award of lost wages arising from settlement of a wrongful termination claim. Citing *Gerbec, Hemelt* and *Mayberry,* the court determined that even though the plaintiff was no longer employed, his claim arose from the employer-employee relationship, and that it would be improper to exempt him from tax withholding merely because the payment was not in return for actual services performed. (*Rivera,* at pp. 1259-1260; see *Gerbec, supra,* 164 F.3d at p. 1026; 26 C.F.R. § 31.3121(a)-(1)(i).) It emphasized that the employer could have been held liable to the taxing authorities for failing to withhold the requisite taxes and that the plaintiff could seek a refund for any excess withholding. (*Rivera,* at pp. 1259-1260.)

Cifuentes contends these cases are distinguishable because they involved a settlement of claims, rather than an adjudicated award of lost wages. It is well established, however, that "whether a claim is resolved through litigation or settlement, the nature of the underlying action determines the tax consequences of the resolution of the claim." (*Tribune Pub. Co. v. United States* (9th Cir. 1988) 836 F.2d 1176, 1177; *Sager Glove Corp. v. C.I.R* (1961) 36 T.C. 1173, 1180 ["The taxability of the proceeds of a lawsuit, or of a sum received in settlement thereof, depends upon the nature of the claim and the actual basis of recovery"], affd. (7th Cir. 1962) 311 F.2d 210.) Cifuentes cites no case law suggesting an award of back or front pay for breach of an employment contract should be treated differently for tax purposes because it arose from a judgment rather than a settlement.

*Noel* illustrates this point. A jury awarded the plaintiff back and front pay as damages for wrongful termination. (*Noel, supra,* 697 F.3d at pp. 211-212.) The former employer withheld federal and state payroll taxes on both sums. As in this case, the trial court determined the judgment was not satisfied. (*Id.* at p. 212.) The IRS maintained in amicus briefing that the decision unfairly "'penalize[d] the [employer] for fulfilling its legal duty.'" (*Ibid.*) The Second Circuit agreed, having "little difficulty in concluding that both back pay and front pay are 'wages' as defined by the [IRC]." (*Id.* at p. 213, fn. omitted.) Noting that both are "remuneration paid to an employee to compensate for what he would have earned had he not been the victim of [his employer's unlawful conduct]," the court joined the First, Fourth, Sixth, Eighth, Ninth and Tenth Circuits in concluding "that awards of back and front pay constitute 'wages' subject to statutory withholding." (*Id.* at p. 214 & fn. 4; *Gerstenbluth v. Credit Suisse Securities (USA) LLC* (2d Cir. 2013) 728 F.3d 139, 144, 147 [reiterating *Noel*'s holding that front and back pay awards are wages subject to FICA taxes]; see *Ramos v. Davis & Geck, Inc.* (1st Cir. 2000) 224 F.3d 30, 32 [back pay award subject to FICA and income tax withholding]; *Hemelt, supra,* 122 F.3d at p. 209; *Gerbec, supra,* 164 F.3d at p. 1026; *Appoloni v. United States* (6th Cir. 2006) 450 F.3d 185, 190-192 [severance payments constitute FICA wages]; *Mayberry, supra,* 151 F.3d at p. 860; *Rivera, supra,* 430 F.3d at pp. 1258-1259; *Blim v. Western Elec. Co., Inc.* (10th Cir. 1984) 731 F.2d 1473, 1480, fn. 2 ["Back pay is taxable to the plaintiffs and subject to income tax and social security withholding"], superseded by statute on another ground as stated in *E.E.O.C. v. Beverage Distributors Co., LLC* (10th Cir. 2015) 780 F.3d 1018, 1024; see also *Dingle v. Bimbo Bakeries USA/Entenman's* (E.D.N.Y. 2014) 2014 WL 949967, *5 [income and FICA taxes properly withheld from back pay]; *Cheetham, supra,* 2012 WL 1424168 at p. *9 ["vast weight of authority suggests damages awards equal to lost wages and benefits . . . constitute 'wages' subject to income and employment tax withholding obligations under applicable law"].)

Cifuentes' reliance on the 2012 version of the Federal Rutter Employment Guide is misplaced. Although the 2012 version did cite *Lisec* for the proposition that an

10

employer may not withhold sums for income and FICA taxes from back pay awarded as part of a judgment, the treatise subsequently was revised to clarify that "employers may be required to withhold and report the taxable amount."  (Fed. Rutter Employment Guide, *supra*, at ¶ 11:200, p. 11-26.)  Paragraph 11:898 now states that "[a]ny part of a settlement or judgment that is considered compensation for lost income (i.e., backpay, severance, front pay, unpaid overtime compensation) constitutes 'wages' and is subject to tax withholding."  (*Id*. at ¶ 11:898, p. 11-110, citing *Gerbec, supra,* 164 F.3d at p. 1026.)  The treatise further warns employers not to rely on *Lisec* because it "does not cite or mention contrary federal cases on what is basically an issue of federal tax law."  (*Id.* at ¶ 11:897, p. 11-110; accord, Cal. Rutter Employment Guide, *supra,* at ¶ 17:897, p. 17-169.)

Nor are we persuaded by *Newhouse v. McCormick & Co., Inc.* (8th Cir. 1998) 157 F.3d 582, in which the defendant declined to employ the plaintiff after discriminating against him during the hiring process.  (*Id.* at pp. 583-584.)  The court held the jury's award of damages was not subject to withholding because no "current or previous employer-employee relationship existed between [the parties] that would justify [the defendant] in withholding payroll taxes."  (*Id.* at p. 585.)  Here, the parties' previous employer-employee relationship is undisputed.

We recognize that at least one federal district court and two state courts have relied on *Lisec* to hold that awards of lost wages to former employees are not subject to withholding.  (See *Churchill v. Star Enterprises* (E.D. Pa. 1998) 3 F.Supp.2d 622, 624-625; *Arkansas Dept. of Health & Human Services v. Storey* (2007) 372 Ark. 23, 31 [370 S.W.3d 803, 808]; *Sang-Hoon Kim v. Monmouth College* (1998) 320 N.J. Super. 157, 161-162 [726 A.2d 1017, 1019].)  But these cases represent a dwindling minority view.  As with *Lisec*, courts have called *Churchill* and *Kim* into doubt based on their restrictive interpretation of *Nierotko.*  (E.g., *Cheetham, supra,* 2012 WL 1424168 at pp. *6-*7 [*Nierotko* "has expressly rejected the idea that the determination of whether taxes must be withheld from a damages award depends upon whether services were actually performed by the employee"]; *Amalgamated Transit Union Local 880 v. NJ Transit Bus*

11

*Operations, Inc.* (2006) 385 N.J.Super. 298 [897 A.2d 357, 361] ["To the extent that *Kim,* in *dicta,* suggests that back pay covering a period when the employee performs no actual services is not considered wages and is thus not subject to employment taxes, *Kim* conflicts with . . . *Nierotko* . . . and is contrary to every Circuit that has considered the issue"]; *Josifovich v. Secure Computing Corp.* (D.N.J. 2009) 2009 WL 2390611, *4 [same].) Likewise, *Storey* has been criticized for "conflict[ing] with an abundance of federal case law" and for leaving employers "to wonder when exactly it is appropriate to withhold taxes from an award of back pay or settlement of an employment-related claim." (Dobson et al., *Not All Back Pay is Created Equal: The Arkansas Supreme Court Holds Employers Cannot Withhold Taxes on Back Pay Awards* (Fall 2010) 45 Ark. Lawyer 16, 18.)

*Costco's Withholding of Payroll Taxes*

When Costco paid the judgment, it had two alternatives. It could follow *Lisec* and risk liability to the IRS and other taxing authorities for the amount of tax it failed to withhold plus penalties. Or it could follow the prevailing federal view and risk a judicial declaration that the judgment is not satisfied. We conclude it chose correctly. Costco's potential exposure for failing to withhold the payroll taxes outweighed the inconvenience to Cifuentes of seeking a refund for the excess withholding.

Under prevailing federal decisional law, an award of back or front pay arises from the employer-employee relationship, and therefore qualifies as wages, even though the plaintiff is no longer employed and the award is not for actual services performed. (E.g., *Gerbec, supra,* 164 F.3d at p. 1026; *Rivera, supra,* 430 F.3d at p. 1260; *Noel, supra,* 697 F.3d at pp. 213-214.) Consistent with this view, the IRS's position is that judgment and settlement payments for back and front pay (other than lost wages on account of personal injury or sickness) are subject to income and FICA tax withholding and are reportable as wages on a form W-2, rather than as non-wage income on a form 1099-MISC. (Office of Chief Counsel IRS Memorandum, dated October 22, 2008, UILC: 61.00-00, 3101.00-00, 3111.00-00, 3402.00-00, Income and Employment Tax

12

Consequences and Proper Reporting of Employment-Related Judgments and Settlements; see also 26 C.F.R., §§ 31.3121(a)-1(b), (i), 31.3306(b)-1(i), and 31.3401(a)-1(a)(5).)

In *Cheetham*, the defendant employer asserted that if it was required to pay an award of lost wages without withholding taxes, it could be held liable for those taxes and potentially have to pay the same amount twice -- once to the plaintiff and once to the IRS. (*Cheetham, supra,* 2012 WL 1424168 at p. *7.) The IRS agreed with the defendant, explaining in amicus briefing that an employer "will not be relieved of liability for withholding taxes unless it can show that the taxes have been paid [by the plaintiff], and even then it will still be liable for applicable penalties and other statutory additions." (*Id.* at p. *8.)

Cifuentes has not cited any authority suggesting that *Lisec* would have insulated Costco from liability to the taxing authorities had it failed to withhold income and FICA taxes. To the contrary, the California and Federal Rutter Employment Guides advise employers not to follow *Lisec* because it is inconsistent with federal law. (Fed. Rutter Employment Guide, *supra,* at ¶ 11:987, p. 11-110; Cal. Rutter Employment Guide, *supra,* at ¶ 17:897, p. 17-169.) Moreover, the Ninth Circuit's decision in *Rivera* -- the controlling federal appellate authority in California -- contravenes *Lisec,* further underscoring the risk to California employers of failing to withhold taxes from lost wages. (See *Rivera, supra,* 430 F.3d at p. 1259.)

Costco contends that if the courts do not consistently apply the definition of wages for taxation and withholding purposes, employers and employees will have a difficult time understanding when payroll taxes must be withheld from judgments and settlements. We agree. The IRS does not base its enforcement scheme on state court decisions. Consistent rulings among the state and federal courts will allow the parties in employment litigation to accurately discern whether a payment, in the form of either a settlement or judgment, constitutes wages from which withholdings must be taken or income from which withholdings are not necessary. Employers who face penalties for making the wrong decision should not have to guess as to whether withholding is required.

The IRC requires that taxes be withheld from wages because it is the most reliable means of assuring that they are paid. (See *Baral v. United States* (2000) 528 U.S. 431, 436-437.) By adopting the prevailing federal view, we ensure that California employers who withhold taxes from awards of lost wages are not penalized "for fulfilling [their] legal duty." (*Noel, supra,* 697 F.3d at p. 212.) Moreover, our decision does not leave plaintiff employees without an adequate remedy. They may seek a refund from the taxing authorities for any amounts withheld in excess of their tax obligation. (*Rivera, supra*, 430 F.3d at p. 1260.) As observed in *Thomas v. County of Fairfax* (E.D. Va. 1991) 758 F.Supp. 353, 367, footnote 26, "[c]ourts do not disagree . . . that tax authorities must receive their due, and that neither plaintiffs nor defendants should receive windfalls."

Cifuentes received almost $70,000 in income tax refunds. He does not claim he is entitled to an additional refund. The trial court determined he may be owed $9,975.37, most of which is for FICA tax withholding. Beginning with *Nierotko*, federal courts have taken a consistently broad view of "wages" and "employment" for FICA taxation purposes. (*Nierotko, supra,* 327 U.S. at pp. 365-366; *Gerbec, supra,* 164 F.3d at p. 1026; *Mayberry, supra,* 151 F.3d at p. 860; *Hemelt, supra,* 122 F.3d at pp. 209-210.) This is because Congress, by enacting the FICA tax provisions, "intended to impose FICA taxes on a broad range of employer-furnished remuneration in order to accomplish the remedial purpose of the Social Security Act." (*Associated Elec. Co-Op., Inc. v. United* States (Fed. Cir. 2000) 226 F.3d 1322, 1326; *Nierotko*, at p. 364.) Cifuentes has not demonstrated that the award of lost wages was exempt from FICA taxation or that he is entitled to reimbursement of those taxes. Indeed, his own financial expert testified his award would be subject to FICA tax and state disability insurance withholding.

Additionally, we reject Cifuentes' assertion the withholding was improper because it did not take into account his obligation to pay his attorney a contingency-based fee. As Costco points out, the entire award of lost wages was taxable as income regardless of whether a portion was used to pay contingent attorney fees. (*C.I.R. v. Banks* (2005) 543 U.S. 426, 430 ["[T]he litigant's income includes the portion of the recovery

14

paid to the attorney as a contingent fee"].) Nor are we convinced by Cifuentes' reference to the section of the American Jobs Creation Act of 2004 authorizing an "above-the-line" deduction of attorney fees and costs incurred in connection with a claim of discrimination or retaliation. (26 U.S.C. § 62(a)(20), (21).) The award in this case was for breach of contract, not unlawful discrimination or retaliation. (See *Banks*, at p. 439.)

The trial court found Costco's position "compelling" and implied that, but for *Lisec*, it would have ruled in Costco's favor. We so rule. The law, as it has developed since *Lisec*, required Costco to withhold payroll taxes from the award of lost wages. Costco complied with this requirement and satisfied the judgment by paying Cifuentes the remaining balance due. His remedy was to seek refunds for any excess withholding, not further damages from Costco. (See *Rivera, supra*, 430 F.3d at p. 1260.) Accordingly, we reverse the order denying Costco's motion for acknowledgment of satisfaction of judgment and remand with instructions to grant the requested relief. (See § 724.050, subd. (d).)

[[*Attorney Fees*

Costco's motion for acknowledgement of satisfaction of the judgment under section 724.050 also requested attorney fees under section 724.080. In light of our determination that *Lisec* should no longer be followed, at this juncture Costco clearly is the prevailing party. Costco asserts it is entitled to an award of mandatory attorney fees pursuant to section 724.080, which states: "In an action or proceeding maintained pursuant to this chapter, the court shall award reasonable attorney's fees to the prevailing party." Costco contends the matter must be remanded to the trial court to determine its "entitlement to and amount of reasonable attorney[] fees." We reject this argument and conclude that although Costco is now the prevailing party, under the rule of limited retroactivity, it cannot recover its attorney fees from Cifuentes.

The "general rule is that judicial decisions are given retroactive effect. (*Brennan v. Tremco Inc.* (2001) 25 Cal.4th 310, 318.) This rests on the theory that the new decision does not really pronounce 'new' law but rather states what the law always was. But considerations of fairness and public policy may require that the decision is

15

given prospective effect only. *(Planning & Conservation League v. Department of Water Resources* (1998) 17 Cal.4th 264, 274.) *As an example, when the new decision overrules clear past precedent or disrupts a practice long accepted and widely relied on, the decision may be made prospective only.* (*People v. Hicks* (1983) 147 Cal.App.3d 424, 427, citing *United States v. Johnson* (1982) 457 U.S. 537, 552 [73 L.Ed.2d 202, 102 S.Ct. 2579].)" (*Grobeson v. City of Los Angeles* (2010) 190 Cal.App.4th 778, 796-797, fns. omitted, italics added; accord, *Newman v. Emerson Radio Corp.* (1989) 48 Cal.3d 973, 983 ["A court may decline to follow the standard rule when retroactive application of a decision would raise substantial concerns about the effects of the new rule on the general administration of justice, or would unfairly undermine the reasonable reliance of parties on the previously existing state of the law"]; *Sierra Club v. San Joaquin Local Agency Formation Com.* (1999) 21 Cal.4th 489, 509 [same]; *In re Retirement Cases* (2003) 110 Cal.App.4th 426, 444 & fn. 10 [appellate court has discretion to give decision limited retroactive application]; see also 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 554, pp. 630-631 [middle ground between complete prospectivity and complete retroactivity].)

Here, at the time this matter was litigated below, the *Lisec* decision was the sole California authority on point and it had been on the books since 1992. *Lisec* not only legitimated the position taken by Cifuentes in this matter, but it also was binding on the trial court under principles of stare decisis. (*Auto Equity Sales, Inc. v. Superior Court, supra*, 57 Cal.2d at p. 455.) Cifuentes was entitled to rely on *Lisec*, as longstanding authority in California, and therefore properly refused to acknowledge the full satisfaction of the judgment.

Under these circumstances, this is an appropriate case for this court to exercise its discretion to give its decision limited retroactive effect. Pursuant to the general rule of retroactivity of judicial decisions, we conclude Costco properly withheld payroll taxes when it paid Cifuentes the lost wages to which he was entitled under the judgment. However, insofar as Costco seeks attorney fees pursuant to section 724.080, our decision is *prospective* only. Bearing in mind how the law in this area has evolved,

16

we conclude Costco is not entitled to recover the attorney fees it has incurred in its successful effort to have *Lisec* repudiated.]]

DISPOSITION

The order denying Costco's motion for acknowledgment of satisfaction of judgment is reversed and the matter is remanded to the trial court with instructions to enter a new order granting relief under section 724.050. Costco shall recover its costs on appeal.

CERTIFIED FOR PARTIAL PUBLICATION.

PERREN, J.*

We concur:

EDMON, P. J.

KITCHING, J.

---

* Associate Justice of the Court of Appeal, Second Appellate District, Division Six, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

17

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Stradling Yocca Carlson & Rauth, P.C., Jeffrey A. Dinkin, Shahzad A. Malik, Gannon E. Johnson and Ryan C. Gaglio for Defendant and Appellant.

Edward Lowenschuss; Diane M. Matsinger for Plaintiff and Respondent.